IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00492-WJM-KLM

TALLA M. MELENDEZ, an individual,
BROOKE MELENDEZ, a minor, by next friend Talla M. Melendez, and
DIANNA SWEET, an individual,

    Plaintiffs,

v.

DONALD F. CUSKELLY, an individual,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' **Motion to Amend Captions** [#59] (the "Motion"). The parties are obligated to read, understand, and comply with all Local Rules of this Court. D.C.COLO.LCivR 7.1(a) provides as follows:

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

In the Motion, Plaintiffs state that "[c]ounsel for Plaintiffs has attempted to confer with [c]ounsel for Defendant prior to the filing of the Motion and counsel for Defendant has not responded. As such, it is assumed this Motion is unopposed." *Motion* [#59] at 1. Local Rule 7.1(a)'s conferral requirement requires more than attempting to contact opposing counsel before filing a motion. Such action does not indicate that any actual conferral took place. Instead, it merely indicates that one party informed the other party that it planned to file a motion and then filed the motion. "[T]o satisfy the requirements of Rule 7.1[(a)], the parties must hold a conference, possibly through the exchange of correspondence but preferably through person-to-person telephone calls or face-to-face meetings, and must compare views and attempt to reach an agreement, including by compromise if appropriate." *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003). The point of the conferral requirement is to have the parties exchange ideas regarding the requested relief and, hopefully, eliminate through discussion or compromise any issues they can

-2-

before filing a motion so as to limit the issues brought before the Court. *See Carroll v. Allstate Fire and Cas. Ins. Co.*, No. 12-cv-00007-WJM-KLM, 2013 WL 5769308, at *4 (D. Colo. Oct. 24, 2013) ("The purpose of Rule 7.1[(a)] is to decrease the number and length of motions filed in each case."). It is impossible to tell from Plaintiffs' filing whether they have actually attempted to "make reasonable good faith efforts to confer" with respect to the Motion [#59]. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#59] is **DENIED without prejudice**.

Dated: September 18, 2014